JUSTIN D. SANTAGATA, ESQ. – ATTY ID 000822009
KAUFMAN, SEMERARO, & LEIBMAN, LLP
2 Executive Drive, Suite 530
Fort Lee, New Jersey 07024
T: 201-947-8855
F: 201-947-2402
E: jsantagata@northjerseyattorneys.com
Attorneys for Plaintiffs

| | |
|---|---|
| IMTAZ MOHAMMED, Y.M., a minor, <br><br>         Plaintiffs, <br><br> v. <br><br> ESSEX COUNTY SHERIFF'S OFFICE, ALLISON ROONEY, in her personal capacity as an Essex County Sheriff's Officer, ESSEX COUNTY SCHOOLS OF TECHNOLOGY BOARD OF EDUCATION, OGE DENIS JR., in his personal capacity as former principal of Newark Tech, <br><br>         Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY NEWARK VICINAGE <br><br> CIVIL ACTION <br><br> COMPLAINT FOR UNCONSTITUTIONAL SEARCH AND SEIZURE AND RELATED CAUSES OF ACTION |

Pursuant to Fed.R.Civ.P. 8, Plaintiffs allege as follows.

## NATURE OF THE ACTION

This is an action under 42 U.S.C. § 1983 stemming from Defendants' unconstitutional search of Plaintiff Y.M., a minor, at "Newark Tech," a high school in Newark, New Jersey, on May 18, 2019. Defendants, acting as law enforcement officials or agents, searched Y.M.'s phone without providing Miranda warnings, even after Y.M. asked if he had to be read his rights. Nothing of meaning was found on

Y.M.'s phone, but this first unconstitutional search led to a subsequent unconstitutional search of the home of Y.M.'s father, Plaintiff Imtaz Mohammed.

The supposed reason for the first unconstitutional search on May 18, 2019 was a note found in the men's bathroom at Newark Tech, purportedly referencing a potential shooting. Many students entered that bathroom within the few hours around when the note was supposedly found, but only Y.M. was unconstitutionally searched. In applying for a warrant to search the home of Mr. Mohammed, Defendant Allison Rooney omitted material facts from the search warrant application.

Because of the ostracization from the unconstitutional search, Y.M. was suspended from Newark Tech, forced to undergo psychological evaluation, and ultimately forced to move to a different school.

## PARTIES

1.     Mr. Mohammed resides with his family at his home in East Orange. His son, Y.M., was a student at Newark Tech in 2018.

2.     Defendant Essex County Sheriff's Office is a New Jersey law enforcement agency that, among other things, provides security for Newark Tech.

3.     Ms. Rooney is an officer for the Essex County Sheriff's Office and was the lead agent for the unconstitutional searches alleged in this complaint.

4.     Defendant Essex County Board of Education ("**Board of Ed.**") is a board of education that oversees and controls Newark Tech, among other public schools.

2

5.    Newark Tech is formally known as "West Market Street Vocational School." It is located at 91 West Market Street in Newark, New Jersey.  Y.M. was a student there in 2018.  In 2018, Defendant Oge Denis Jr. was the principal.

## JURISDICTION AND VENUE

6.    This court has federal question jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3) because Plaintiff alleges violation of the federal constitution and 42 U.S.C. § 1983.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims arise from the same facts as the federal claims.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the events/omissions giving rise to this complaint occurred in the Newark Vicinage of the Federal District Court for New Jersey.

## FACTUAL BACKGROUND

7.    On May 18, 2018, administrators at Newark Tech purportedly found a threatening message in a men's bathroom; this was the same day that there was a fatal high school shooting in Texas.  Though the male bathroom was used by hundreds of students and the administrators did not know when the message was posted, the administrators singled out Y.M. as potentially responsible.

8.    Video footage of the men's bathroom in the morning and through mid-day shows many students, perhaps over 100, entering the men's bathroom.

9.    The threatening message was purportedly found around noon, but there is no evidence of when it was actually posted or how long it was ignored by students, which would not be unusual in a high school.

10.     During fifth period, Y.M. was sitting in his classroom when the students heard loud crashing and rumbling and the students were told Newark Tech was on lockdown.  By now, the students knew of the high school shooting in Texas and became scared that a shooting was occurring at Newark Tech.  Instead, Essex County Sheriff's Officers stormed into the classroom, escorted Y.M. out of the classroom, and took him to an administrative office for questioning.   To Y.M.'s knowledge, and based on available evidence, Y.M. was the only student interrogated by Essex County Sheriff's Officers.

## I.      The first unconstitutional search

11.     Once in the administrative office, Y.M. was ordered by Officer Rooney to unlock his mobile phone.  He was not provided <u>Miranda</u> warnings even though he asked what his rights were.  In response to his question, Officer Rooney scoffed "he's asking for his rights..."  The principal of Newark Tech, Mr. Denis, seconded Officer Rooney's order for Y.M. to unlock his phone.

12.     The Essex County Sheriff's Office found nothing on Y.M.'s phone other than an unfinished and unsent message to his mother when Y.M. thought that a shooting was occurring at Newark Tech.  In fear for his life, he wrote to his mother that if he died she should give his belongings to a beloved relative.  Nevertheless, Y.M. was suspended from school and ordered by Board of Ed. and Newark Tech administrators, including Mr. Denis, to undergo a psychiatric evaluation before returning.

13.     Rumors immediately spread about Y.M. and he was mocked and derided by his classmates, including being branded as a "terrorist."

4

14.    Y.M. immediately underwent a psychiatric evaluation and was cleared. But Newark Tech would not admit Y.M. back to school on May 21, 2018 (the first school day after the May 18, 2018 incident).   Instead, principal Denis told Mr. Mohammed that Y.M. had to be cleared by the Essex County Sheriff's Office, suggesting that the Board of Ed. and Newark Tech had ceded control over basic school operations to a law enforcement agency.

15.    On May 19, 2018, Mr. Mohammed went to the Essex County Sheriff's Office at 50 West Market Street in Newark to speak to Officer Rooney.  Officer Rooney told Mr. Mohammed that a note was found at Newark Tech saying "I'm going to shoot everybody and kill myself." To this day, Mr. Mohammed has not seen the note.  Officer Rooney admitted to Mr. Mohammed that "we're not saying your son wrote the note, but we believe he might know who wrote it."

16.    Officer Rooney requested that Mr. Mohammed consent for Y.M. to again have his phone searched.   Knowing that the phone had already been unconstitutionally searched, Mr. Mohammed did not see the point in objecting. Officer Rooney's second search of the phone was a blatant attempt to circumvent the original unconstitutional search.  This practice is unconstitutional under clearly established federal precedent, including Oregon v. Elstate, 470 U.S. 298, 309 (1985), and New Jersey precedent, including State v. O'Neil, 193, N.J. 148, 166-167 (2007).

17.    Y.M. was eventually permitted to return to Newark Tech on May 30, 2018.

18.    On May 31, 2018, a similar note was again found in a men's bathroom at Newark Tech.  Y.M. was immediately sent home and ordered by administrators,

including a Board of Ed. superintendent, to be home-schooled pending an "investigation." Again: Newark Tech had no evidence that Y.M. wrote the note, when the note was written, and who had been in the men's bathroom around the time it was written. Again: to Y.M.'s knowledge, and based on available evidence, no one was else was questioned about the note. The sole basis for singling out Y.M. appears to have been his Muslim last name.

## II.   The second unconstitutional search

19.     On June 1, 2018, Essex County Sheriff's Officers stormed into Mr. Mohammed's home late at night based on a search warrant from the same day.

20.     The search warrant singled out Y.M.

21.     The search warrant purported to be based on an "affidavit of probable cause" that the search would "yield evidence of the crimes of terroristic threats…false public alarms…and unlawful possession of weapons."

22.     The search was a complete failure and predictably uncovered no evidence of wrongdoing whatsoever against Mr. Mohammed or Y.M. The Essex County Sheriff's Office additionally searched an upstairs apartment leased to Mr. Mohammed's niece. The search warrant did not permit a search of that apartment, but the Essex County Sheriff's Office unconstitutionally searched anyway.

23.     The Essex County Sheriff's Office confiscated laptops, desktops, phones, and other electronic devices from Mr. Mohammed's home, which were not returned for over a year.

24.    The affidavit of probable cause in support of the search warrant was substantially misleading and omitted clearly material information.   It states as follows in relevant part.

- On May 18, 2018 at 11:55am, a note was found in the fourth floor men's bathroom at Newark Tech, stating:

THIS I (sic) A MESSAGE TO MR. DENICE (sic)          11/11/18
THERE IS SHOOTER IN THE Building.  His name is Chibu Dongu or something like that./ Interview Him.  BTW I real (sic) AM GOING TO KILL MYSELF ON [arrow to 11/11/18]
➔ BACK

Its what I WANT.  DON'T STOP ME BUT I WILL LEAVE CLUES TO WHO I AM around the bathroom (small clues)  If you got this then put a wet peice (sic) of paper in the burnt spot on the fire alarm in here.

- The Essex County Sheriff's Office placed Newark Tech on lockdown until it was "cleared."

- There is no mention whatsoever of the coerced and unconstitutional search of Y.M.'s phone on May 18, 2018.

- It reads as though the only search of Y.M.'s phone was on May 19, 2018, with consent of Mr. Mohammed, which is clearly misleading.

- It highlights Y.M.'s unfinished text message to his mother, but casts the message in a threatening light without any context that the students believed there was a shooter in the building at the time Y.M. wrote the message.

- On May 31, 2018, a second note was found at Newark Tech, this time in the third floor men's bathroom at around 9:55am.   Surveillance

video purportedly shows Y.M. entering that bathroom an hour earlier. There is no mention of how many other students entered that bathroom during the same time period.

Newark Tech has over 800 students and the third floor alone often has over 100 students. Based on available evidence, the Essex County Sheriff's Office and Newark Tech never questioned anyone else about the notes.

## III.    Newark Tech unconstitutionally requires Y.M. to be home-schooled

25.    Despite that the search of Mr. Mohammed's home was a complete failure, the Board of Ed. and Newark Tech ordered Y.M. to be home-schooled.

26.    Y.M. was not permitted to challenge the home-schooling. He was not permitted to review the "evidence" against him. He was simply precluded from returning to Newark Tech for an indefinite period of time.

27.    The Board of Ed. stated it was responsible for providing the home-schooling, but the home-schooling instructor was not certified in all of Y.M.'s classes and could not provide any instruction in many courses. While Y.M. was purportedly able to access his assignments and classroom documents online, he could not do so in a meaningful way from outside Newark Tech.

28.    Because the Essex County Sheriff's Office had confiscated laptops and desktops from Mr. Mohammed's home, even if Y.M. could access his assignment and classroom documents from outside Newark Tech, it was a substantial burden for him to do so.

29.     At one point, while Y.M. was on home-schooling without an actual home-school instructor, a Newark Tech counselor told Mr. Mohammed "he can do it by himself, teach himself as much as he can."

30.     Y.M.'s grades suffered tremendously.     Prior to the first unconstitutional search on May 18, 2018 at Newark Tech, Y.M. received As and Bs at Newark Tech.  After that first incident, his grades dropped to Cs and Ds and he barely passed into Tenth Grade.

31.     Because of the drop in his grades, he was unable to continue in honors classes he had previously been eligible for.

32.     Y.M. was finally permitted to return to Newark Tech in fall 2018.  But, soon after returning, Newark Tech again required him to undergo a psychological evaluation.  Mr. Mohammed refused and Y.M. was forced to transfer to a different school.

33.     Because of Newark Tech's and the Essex County Sheriff's Office's singling-out of Y.M., he was branded a "terrorist" by his friends and suffered other related reputational harm.

34.     It is well-known that Newark Tech is a select-entry "pipeline" school that is successful in getting its students admitted to New Jersey Institute of Technology, Rutgers, and Penn State.

35.     Mr. Mohammed has suffered reputational harm and property damage or loss from the unconstitutional June 1, 2018 search of his home.  His friends and neighbors view him differently in the community and have attached the "terrorist" label to him.  While many items taken during the unconstitutional search have been

returned, the Essex County Sheriff's Office never provided an inventory list and it is not clear if all items have been returned.

### COUNT ONE: AGAINST THE ESSEX COUNTY SHERIFF'S OFFICE, MS. ROONEY, THE BOARD OF ED., AND MR. DENIS VIOLATION OF CIVIL RIGHTS: THE FIRST PHONE SEARCH (42 U.S.C. § 1983; NEW JERSEY CIVIL RIGHTS ACT)

36.    Plaintiffs incorporate paragraphs 1 through 35 of this complaint as if fully set forth in this count.

37.    42 U.S.C. § 1983 provides for civil relief for violation of rights protected by the United States Constitution.   The New Jersey Civil Rights Act ("**CRA**") provides for civil relief for violation of any substantive right protected by the New Jersey Constitution or New Jersey law or the United States Constitution.

38.    The Fourth Amendment to the United States Constitution protects against unreasonable search and seizure.   The New Jersey Constitution provides equivalent protection.

39.    The Essex County Sheriff's Office, Ms. Rooney, and the Board of Ed. violated Y.M.'s right to be free from unreasonable search and seizure when Y.M.'s phone was searched on May 18, 2018, at Newark Tech, under the compulsion of Ms. Rooney as a law enforcement officer conducting a criminal investigation.   The principal, Mr. Denis, acted as decision-maker for Essex County Tech and the Board of Ed. when he told Y.M. to heed to the order of Ms. Rooney to unlock his phone. N.J.A.C. 6A:16-6.3(b) provided Mr. Denis with decision-making authority to allow law enforcement officials to intercede and search Y.M.'s phone.   A memorandum of understanding executed by the Board of Ed. requires the Essex County Sheriff's

Office to "assume responsibility for conducting any search" once such "law enforcement officials" are summoned and "in which event standards governing searches conducted by law enforcement officers shall prospectively apply."

40.     Despite the memorandum, the Essex County Sheriff's Office conducts school searches under the lesser-standard applicable to non-law enforcement officials, as evidenced by the conduct here and Ms. Rooney's sarcastic response to Y.M.   The Essex County Sheriff's Office has failed to train its officers, or inadequately trained its officers, in addressing the unique issues of searching in a school environment and dealing with students who may lack the requisite capacity or understanding to know they do not have to consent to such searches.   The memorandum has been continually updated since 1988 pursuant to N.J.A.C. 6A:16-6.2(b)(13).  A 2019 revision to the memorandum specifically recognizes that more training is necessary for law enforcement officers to manage a school environment such as Newark Tech and to avoid the potentially lifelong negative consequences of misuse or overuse of law enforcement in a school environment.

41.     The search of Y.M.'s phone was unconstitutional because: (a) he was a minor and his parents were not consulted; (b) his age and relative naivety was used against him, even as he questioned the adults on whether he had any rights; (c) Ms. Rooney laughed at Y.M.'s inquiry; (d) forcing Y.M. to provide his phone password, or enter his phone password, unconstitutionally required Y.M. to be a witness against himself; and (e) the only basis for the search was that Y.M. was one of many students who entered the men's bathroom where the threatening note was found.

11

## COUNT TWO: AGAINST MS. ROONEY
### VIOLATION OF CIVIL RIGHTS: THE SECOND PHONE SEARCH
### (42 U.S.C. § 1983; CRA)

42.    Plaintiffs incorporate paragraphs 1 through 41 of this complaint as if fully set forth in this count.

43.    Ms. Rooney's search of Y.M.'s phone on May 19, 2018 was unconstitutional because: (a) her basis to search the phone was based on information unconstitutionally obtained the prior day; (b) her request to search the phone was an attempt to cure the prior constitutional violation, but there was an insufficient separation between the two searches for any cure to be constitutionally effective; and (c) she used her prior search of the phone to convince Mr. Mohammed to consent to the search of Y.M.'s phone, as if to say the search had already happened so why not allow it again?

## COUNT THREE: AGAINST THE ESSEX COUNTY SHERIFF'S OFFICE AND MS. ROONEY
### VIOLATION OF CIVIL RIGHTS: THE MATERIALLY MISLEADING SEARCH WARRANT AND CONSEQUENT UNCONSTITUTIONAL SEARCH OF MR. MOHAMMED'S HOME
### (42 U.S.C. § 1983; CRA)

44.    Plaintiffs incorporate paragraphs 1 through 43 of this complaint as if fully set forth in this count.

45.    A search based on a search warrant may still be unconstitutional if the search warrant is based on material misrepresentations or omissions that could reasonably have affected a neutral magistrate's disposition of the search warrant.

46.    The search warrant for Mr. Mohammed's home was based on material omissions, including: (a) the students at Newark Tech believed there was an active

shooter in the building on May 18, 2018; (b) Y.M.'s phone was searched at Newark

Tech that day without any asserted basis and the contents of the phone were used

in the search warrant; (c) the contents of the phone— his scared and unfinished

message to his mother— are purposely cast in a threatening light, even though the

students at Newark Tech believed there was an active shooter at Newark Tech at

the time message was being composed; (d) the search warrant fails to state how

many other students were seen entering the third floor bathroom on May 31, 2018

within a reasonable amount of time period to the threatening note being found; and

(e) how many of those same students were seen entering the fourth floor bathroom

on May 18, 2018 when the threatening note was found.

**COUNT FOUR: AGAINST THE BOARD OF ED.**
**VIOLATION OF CIVIL RIGHTS: THE SECOND SUSPENSION/HOME-**
**SCHOOLING**
**(42 U.S.C. § 1983; CRA)**

47.     Plaintiffs incorporate paragraphs 1 through 46 of this complaint as if

fully set forth in this count.

48.     After May 31, 2018, Y.M. was suspended indefinitely from Newark

Tech.  He was not provided a hearing or an opportunity to defend himself.  He was

required to be home-schooled, but the Board of Ed. provided inadequate materials

and instruction for such home-schooling.

49.     This suspension and subsequent home-schooling violated procedural

due process and Article 8, Section 4 of the New Jersey Constitution, which requires

Newark Tech to provide for a "thorough and efficient" public education ("**T/E**

**Clause**").

## COUNT FIVE: AGAINST THE ESSEX COUNTY SHERIFF'S OFFICE, THE BOARD OF ED. AND MR. DENIS
### VIOLATION OF CIVIL RIGHTS: EQUAL PROTECTION, DUE PROCESS, FAIR AND EFFICIENT PUBLIC EDUCATION, AND DISCRIMINATION IN PUBLIC ACCOMODATION
### (42 U.S.C. § 1983; CRA; NEW JERSEY LAW AGAINST DISCRIMINATION)

50.    Plaintiffs incorporate paragraphs 1 through 49 of this complaint as if fully set forth in this count.

51.    The New Jersey Law Against Discrimination prohibits discrimination in places of "public accommodation."    Newark Tech is a place of "public accommodation."

52.    In response to the May 18 and May 31, 2018 threatening notes, Defendants consistently treated Y.M. differently than other similarly-situated students at Newark Tech, such as any other student who entered the subject bathrooms within a reasonable time period to when the threatening notes were found.   There is no evidence that anyone other than Y.M. was questioned or searched; no one else was subject to consistent psychiatric evaluations; no one else was subject to indefinite suspension and home-schooling; and no one else was inadequately home-schooled and effectively told to teach themselves.   The only differential fact between Y.M. and other similarly-situated students is his apparent Muslim last name.

53.    The differential treatment of Y.M., based on his apparent Muslim heritage, violated the equal protection provided for in the United States and New Jersey Constitutions, violated the T/E Clause, and violated the New Jersey Law Against Discrimination.

## DEMAND FOR RELIEF

Pursuant to counts one through five of the complaint, Plaintiff demands relief as follows:

    (a)    Compensatory damages, including for emotional distress;

    (b)    Reputational damages;

    (c)    Punitive damages;

    (d)    Attorneys' fees and costs;

    (e)    Such other relief as the court deems equitable and just.

## JURY DEMAND PURSUANT TO FED.R.CIV.P. 38(b)

Plaintiffs demand trial by jury on all issues so triable.

Dated: December 31, 2019

JUSTIN D. SANTAGATA, ESQ.
KAUFMAN, SEMERARO, & LEIBMAN, LLP